## Staunton.

### PENDLETON v. MILLER.

#### SEPTEMBER 16th, 1886.

PUBLIC FREE SCHOOLS—*County superintendents—Term—Joint resolution.*—The office of these superintendents is a constitutional office, and the term of office is fixed by the State constitution at four years. The joint resolution, approved February 26, 1886, is repugnant to the constitution and void.

Petition for a writ of *mandamus.* Opinion states the case. Argued at Wytheville. Decided at Staunton.

*F. S. Blair* and *G. W. Hansbrough,* for the petitioner.

*White & Buchanan* and *B. F. Buchanan,* for the respondent.

FAUNTLEROY, J., delivered the opinion of the court.

This is an application on the part of Albert G. Pendleton, a citizen of Smyth county, Va., to the court for a peremptory *mandamus* to compel the restoration to the petitioner of the office of superintendent of public schools of Smyth county, and the books, papers, and emoluments of the said office, which he avers are now usurped and withheld from him unlawfully by D. C. Miller.

The petition sets out that the petitioner, Albert G. Pendleton, was on the 11th of November, 1884, duly appointed by

the board of education, under the authority of the constitution and laws of Virginia, superintendent of the schools for the county of 'Smyth, for the term of four years, to begin on the 1st of July, 1885, and to end on June 30, 1889, and that he was duly confirmed and commissioned in said office, and qualified under his said commission December 3, 1884, and thereby became the legally-appointed, commissioned and qualified superintendent of schools for that county until the 30th of June, 1889; that he duly entered upon the duties, rights, and emoluments of the said office of superintendent of schools of Smyth county, and was in the lawful and dutiful discharge, enjoyment, and performance of the same when the said D. C. Miller seized the said office, books, papers, and emoluments, and ousted him from the same by unlawful intrusion and usurpation.

The respondent, D. C. Miller, demurs to the petition as insufficient in law, and answers that he was on the 15th day of May, 1886, duly appointed by the board of education of the Commonwealth, and commissioned and confirmed as superintendent of schools for Smyth county for a term of four years, beginning July 1, 1886, and, having taken the oath required by law, he, on July 1, 1886, by virtue of authority vested in him by his said appointment, confirmation, and commission as superintendent of schools for Smyth county, entered upon the duties of the said office, and is now, and has been since that date, discharging the duties of the same; that his said appointment by the board of education was made under and by virtue of the joint resolution of the General Assembly, approved February 26, 1886, declaring that the office of county and city superintendents of schools in all cases shall be deemed vacant on the first day of July, 1886, and the regular term of four years to commence on that day, and that all appointments

and confirmations to fill vacancies in the office of county and city superintendents of schools shall be only for the unexpired term, &c. Acts 1885–86, page 236.

The demurrer raises the question of the constitutionality of the said joint resolution of the General Assembly of Virginia, approved February 26, 1886, which declares vacant the offices of. all county and city superintendents of schools in all cases on the 1st day of July, 1886.

By the VIIth Article, section 1, of the Constitution of Virvinia, under the head of "County Organizations," it is provided: "And there shall be appointed, in the manner provided for in Article VIII, one superintendent of schools;" and by section 2 of Article VIII, it is provided there shall be a board of education, composed of the governor, superintendent of public instruction, and attorney-general, which shall appoint and have power to remove, for cause and upon notice to the incumbents, subject to confirmation by the senate, all county superintendents of public free schools.

It is palpable that the office of county superintendents of public free schools is a constitutional office, and that the power of removal from that office is expressly lodged by the constitution with the board of education, for cause and upon notice to the incumbents, subject to confirmation by the senate.

By the Constitution of Virginia, Article VII, section 1, the term of office of the county superintendent of schools was fixed at three years, and was to begin January 1st next after their election or appointment; and by an amendment to the constitution adopted November, 1874, found in acts 1874, page 208, the term of the said office was definitely fixed for *four* years, and to begin July 1st next after appointment.

The public free school system of Virginia was inaugurated in 1870, and the superintendents first appointed entered upon their terms of office January 1, 1871, and held for three year

terms, until July 1, 1877, when, under the amended constitution, the four-year term began; and it now is a term of four years, dating from July 1, 1877, and each four years thereafter.

The General Assembly of Virginia had no constitutional authority to pass the joint resolution of February 26, 1886, removing from office the county superintendents of the public free schools, nor to abridge their constitutionally fixed and defined term of office; and when the board of education appointed the respondent, D. C. Miller, on the 15th of May, 1886, to be county superintendent of the public free schools of Smyth county for a term of four years, to begin July 1, 1886, there was no vacancy in said office, because the term of office of the petitioner, Albert G. Pendleton, as the rightful and legal superintendent of schools for Smyth county by virtue of his aforesaid appointment of November 11, 1884, for a full constitutional term of four years from July 1, 1885, had not expired, and would not expire until June 30, 1889.

It follows, therefore, that the said joint resolution of the General Assembly of February 26, 1886, is null and void for repugnancy to the Constitution of Virginia; and the action taken under it by the board of education is null and void and of no avail. The rule *nisi* must be made absolute. Let a peremptory *mandamus* go.

MANDAMUS AWARDED.